MELINDA L. HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSEPH FAZIOLI (CABN 275564)
ALLISON MARSTON DANNER (CABN 195046)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5595
Facsimile: (408) 535-5066
joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> DAVID BOYER PRINCE, <br>     Defendant. | No. CR 10-00153 CRB <br> **STATUS CONFERENCE STATEMENT** <br> Hearing Date:  August 4, 2011 <br> Time:  10:00 a.m. <br> Courtroom:  Hon. Charles R. Breyer |

In anticipation of the status conference set before this Court on Thursday, the United States submits this brief overview of the case and its procedural history–particularly with respect to the timing of the trial. This trial is scheduled to begin on August 29, 2011. The United States respectfully requests that this Court retain the schedule set by Judge Fogel or conduct the trial as close to that date as possible.

I.    <u>Brief Summary of Charges</u>

The defendant, David Boyer Prince, is charged in the indictment with 12 counts of wire fraud, in violation of 18 United States Code Section 1343.

The United States anticipates that the evidence at trial will show that the defendant, an

UNITED STATES' STATUS
CONFERENCE STATEMENT
CR 10-00153 CRB

attorney residing in Saratoga, California, ran a scheme, which he generally described as "The Leopard Fund," in which defendant induced individuals to invest with him by making fraudulent representations and by failing to disclose material information.  In particular, defendant (1) promised investors that their principal was "guaranteed" but failed to take the necessary steps to guarantee those funds; (2) promised investors that their investment would be "put to trade" whereas, in fact, many investors' money was not traded in any way; and (3) made material omissions, such as failing to inform investors that he had lost their money.  From approximately 2005 through January 2007 approximately 30 investors invested a total of $1.2 million in defendant's Leopard Fund.  Most of those investors lost all of their money.

By mid-2006, the defendant had collected $1.2 million from investors residing in the Northern District of California and elsewhere.  The defendant converted in excess of $200,000 of the investors' funds for his personal use and into cash, transferred a net total of over $60,000 to a foreign bank account in China, and lost much of the remaining funds through risky investments in the stock market.  Some of the $1.2 million was returned to investors in the form of "interest" payments.  In some cases, these payments were used to entice an investor to contribute more to the defendant's funds.

II.     Trial Schedule

On September 30, 2010, Judge Fogel set a trial date of January 31, 2011.  (CR 37.)  On December 2, 2010, defendant requested a continuance of the trial date due to defendant's decision to terminate the services of prior counsel, AFPD Nicholas Humy.  (CR 42.)  On January 13, 2011, Judge Fogel set a new trial date of June 17, 2011.  (CR 44.)  Judge Fogel held the pre-trial conference on May 17, 2011, at which time he resolved numerous pre-trial motions.  (CR 76.)  Among the motions he filed prior to the pre-trial conference, defendant asked for immunity for a prospective defense witness, Lance Lee.  (CR 65.)  In that motion, defendant acknowledged that Lee was likely to invoke the Fifth Amendment if called to testify at trial.  Although Judge Fogel did not definitively rule on the motion, it indicated that the Court was not inclined to order

the government to grant immunity to Mr. Lee.[1]

On June 1, 2011, over two weeks after the pretrial conference, defendant filed a motion seeking to continue the trial date. (CR 94.) In support of that motion, defense counsel filed a declaration that provided the factual basis for the continuance request. That declaration described attempts to serve Mr. Lee with a subpoena duces tecum on May 25, 2011 by contacting Mr. Lee's attorney, who stated she no longer represented Mr. Lee. Barton Declaration at ¶ 12. In none of the papers seeking a continuance in June did defendant describe any other issues related to witness availability.[2]

The United States strongly opposed defendant's second continuance motion and, in particular, described the difficulties posed for the victim-investors who have been subpoenaed to testify caused by further delay of the trial. (CR 99.)

Judge Fogel heard argument on the continuance motion on June 8, 2011. Judge Fogel indicated that the decision whether to continue the trial, particularly given the lateness of the continuance request, was a difficult one. The Court concluded that it would grant the defense's continuance request but would grant no further continuance motions.

The United States has issued new trial subpoenas for all witnesses for the scheduled trial date of August 29 and has engaged in extensive trial preparation. In addition, the victim-investors were contacted and, based on Judge Fogel's statement, were assured that there would be no further delays in the trial. Given the numerous pretrial delays occasioned by defense requests for continuances and the fact that the witnesses have already been subpoenaed for the third trial date and are prepared to come on the scheduled dates, the United States respectfully

---

[1] Although Judge Fogel did not issue written rulings on the motions in limine, his oral rulings are reflected in the transcript of the pretrial conference. The United States would be happy to make a copy of that transcript available to the Court or to summarize Judge Fogel's rulings for this Court's convenience.

[2] There is some ongoing litigation with respect to these issues between Mr. Lee and the defense, although it is the government's understanding that this will not affect the scheduled trial date.

UNITED STATES' STATUS
CONFERENCE STATEMENT
CR 10-00153 CRB                                3

1  requests that this Court retain the schedule set by Judge Fogel or conduct the trial as close to that
2  date as possible.  The United States anticipates that its case-in-chief will take at most eight days
3  to present.  This trial time may be shortened by stipulations between the parties prior to trial.
4       Any continuance will cause real hardship to the victim investors who have been
5  subpoenaed to testify at trial.  Many of these witnesses are anxious about testifying.  For all of
6  them, the decision to invest with defendant and the subsequent knowledge that defendant lied to
7  them resulting in the loss of thousands of dollars is a stressful event in their lives that they are
8  reluctant to relive.  They have already had to do so several times–both in their initial interviews
9  with the FBI and then most recently with government counsel in preparation for testifying at trial
10 three weeks from now.  If the trial were rescheduled, these witnesses would need to prepare again
11 with government counsel for their testimony and recount the facts as they remember them yet
12 again.

DATED: August 2, 2011                    Respectfully submitted,

                                         MELINDA L. HAAG
                                         United States Attorney


                                         _____/s/_____
                                         JOSEPH FAZIOLI
                                         ALLISON MARSTON DANNER
                                         Assistant United States Attorneys

UNITED STATES' STATUS
CONFERENCE STATEMENT
CR 10-00153 CRB                          4