UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> DAVID BOYER PRINCE, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: CR 10-00153 CRB (PSG) <br><br> **ORDER DENYING MOTION TO QUASH** <br><br> **(Docket No. 143)** |

## INTRODUCTION

Third party Lance Lee ("Lee") moves to quash an amended subpoena served by Defendant David Prince ("Prince"). The parties appeared for oral argument on August 12, 2011. After considering the arguments raised in the papers and at the hearing, the court concludes that the subpoena is appropriate and enforceable. Accordingly, Lee's motion is DENIED.

## DISCUSSION

On July 25, 2011, the court granted Lee's motion to quash a previous Prince subpoena.[1] In light of the Supreme Court's holding in *Braswell v. United States*,[2] the court held that the

---

[1] *See* Docket No. 130.

[2] 487 U.S. 99 (1988).

ORDER, *page 1*

previous subpoena impermissibly put Lee at risk of self-incrimination by compelling him to produce documents in his individual capacity. The court nevertheless concluded that *Braswell's* articulation of the collective entity exception authorized Prince to serve an amended subpoena directed to Lee in his capacity as custodian for various investment funds at issue in Prince's case.

Prince then submitted an amended subpoena to the court pursuant to Fed R. Crim. P. 17. After securing an order authorizing service of a subpoena that excluded various topics deemed overbroad, Prince delivered the subpoena to the same attorneys at the Fenwick & West law firm that filed the motion to quash. Prince did so based on a prior representation from Fenwick & West that it was authorized to accept service on Lee's behalf. In response, Fenwick & West again moved to quash on behalf of Lee. In this instant motion, Lee argues that the amended subpoena is no less improper than the previous subpoena.

Lee's principal argument this time around is that, whatever the situation in the past, Prince has failed to offer any evidence of a current custodial relationship with the investment funds that would justify relying on *Braswell*. *Braswell,* however, imposes no such burden on a criminal defendant at risk of his own loss of liberty. As the court explained in its previous order, the record is undisputed that Lee founded the disputed investment funds, a relationship at least as significant as the employment relationship in *Braswell*, if not more. Lee's demand that Prince present "current" evidence of the relationship begs the question: how current is good enough? A month before the subpoena requires production? A day? A minute? The only case cited by Lee that post-dates *Braswell*, the Second Circuit's decision in *In re Three Grand Jury Subpoenas Dated January 29, 1999*,[3] imposes no such standard at all and instead stands for the unremarkable proposition that where it is shown that the relationship has been terminated, the collective entity rule does not apply. Here, there is no evidence whatsoever that Lee ever withdrew from or terminated his relationship with the disputed funds.

Lee further argues that if a production is required, the court should first review the documents *in camera*. The purpose of the review would be to separate custodial records from personally held documents. But Lee offers no insights on how the court could stare at a

---

[3]   191 F.3d 173 (2d Cir. 1999).

1  document (let alone thousands of documents) and discern its individual rather than custodial
2  character any better than he could.  This the court will not do.
3        As a further challenge to the amended subpoena, Lee disputes that service on Fenwick &
4  West was effective.  Lee contends that Fenwick only represents him in his individual capacity
5  and not in the custodial capacity in which the subpoena is directed.  But Lee's highly constructed
6  view of his representation is too clever by half.  By filing the very motion at issue, challenging a
7  subpoena that Lee himself characterizes as being directed to him as a fund custodian, Fenwick &
8  West must necessarily be said to represent Lee as a fund custodian.  Otherwise, on what basis
9  would the Fenwick firm have authority to represent the subpoenaed party's interests?
10        Finally, Lee disputes the breadth of various subpoena topics previously authorized by this
11  court, focusing on their failure to identify specific documents.  Lee does not, however, identify
12  any requirement in Rule 17 or the case law that precludes a party from relying on topics that are
13  reasonably targeted to secure evidentiary and relevant documents,[4] as is the case here.

## CONCLUSION

15  Lee's motion to quash is DENIED.  Particularly in light of the rapidly approaching trial
16  date before Judge Breyer, Lee shall comply with its obligation to produce documents responsive
17  to Prince's amended subpoena without further delay.
18        IT IS SO ORDERED.

Dated:   August 16, 2011

                                    PAUL S. GREWAL
                                    United States Magistrate Judge

---

[4] *See United States v. Nixon,* 418 U.S. 683, 699-700 (1974).