1   MELINDA L. HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JOSEPH FAZIOLI (CABN 275564)
    ALLISON MARSTON DANNER (CABN 195046)
5   Assistant United States Attorneys

6       150 Almaden Boulevard, Suite 900
        San Jose, California 95113
7       Telephone: (408) 535-0910
        Facsimile: (408) 535-5066
8       allison.danner@usdoj.gov

9   Attorneys for the United States

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,        )    No. CR 10-00153 CRB
                                      )
14        Plaintiff,                  )    **SECOND PRE-TRIAL CONFERENCE**
                                      )    **STATEMENT**
15     v.                             )
                                      )    Hearing Date:   September 8, 2011
16  DAVID BOYER PRINCE,               )    Time:           10:00 a.m.
                                      )    Courtroom:      Hon. Charles R. Breyer
17        Defendant.                  )
                                      )
18  _____   )

19        The United States submits this second pre-trial conference statement[1] in preparation for

20  the pre-trial conference scheduled in this matter on September 8, 2011 and in response to

21  Defendant's Pretrial Conference Statement submitted to this Court on August 25, 2011 (Dkt.

22  151) [hereinafter Defendant's August Pretrial Conference Statement].  All but one of the issues

23  defendant raises were fully briefed and argued before Judge Fogel and were resolved by him.

24  *See* Transcript of Proceedings Before the Honorable Jeremy Fogel, *United States v. Prince,* May

25  _____

26        [1]  The United States previously submitted a Pre-Trial Conference Statement in
    anticipation of the May 17, 2011 Pre-Trial Conference before Judge Fogel.  *See* Pre-Trial
27  Conference Statement, May 10, 2011 (Dkt. 63).  The United States incorporates herein the
    statements and disclosures made in that Pre-Trial Conference Statement.
28

    UNITED STATES' SECOND
    PRE-TRIAL CONFERENCE STATEMENT
    CR 10-00153 CRB

17, 2011 (Dkt. 96) [hereinafter Pre-Trial Conference Transcript], attached hereto as Exhibit A. This Court previously indicated at the status conference on August 8 that it did not wish to have these issues re-litigated. However, in light of defendant's recent filings and to assist this Court, the United States below addresses each of the contentions raised by defendant in his August Pretrial Conference Statement, notes the filings in which these arguments have been previously briefed, and summarizes Judge Fogel's rulings on these questions. In addition, we do the same for the motions in limine previously filed by the government.

## STATEMENT OF FACTS

The United States summarized the facts of this case in the Status Conference Statement submitted to this Court on August 2, 2011. (Dkt 137). In brief, defendant, an attorney residing in Saratoga, California, ran a scheme, which he generally described as "The Leopard Fund," in which defendant induced individuals to invest with him by making fraudulent representations and by failing to disclose material information. In particular, defendant (1) promised investors that their principal was "guaranteed" but failed to take the necessary steps to guarantee those funds; (2) promised investors that their investment would be "put to trade" whereas, in fact, many investors' money was not traded in any way; and (3) made material omissions, such as failing to inform investors that he had lost their money. From approximately 2005 through January 2007 approximately 30 investors invested a total of $1.2 million in defendant's Leopard Fund. Most of those investors lost all of their money.

## DEFENDANT'S MOTIONS IN LIMINE

We summarize each of defendant's motions in limine in the order in which they appear in Defendant's August Pretrial Conference Statement. We also address a motion in limine previously filed by defendant for a court order requiring the government to grant immunity to Lance Lee since defendant has indicated that he intends to renew the motion. *See* Defendant's August Pretrial Conference Statement at 2 n.1.

A. Motion to Exclude Statements Made by Defendant and Defendant's Agents
Within the Scope of the Charged Fraud

Defendant previously argued that the Court should apply the parol evidence rule to exclude statements made by defendant and his agents within the scope of the charged fraud.  *See* Defendant's Pretrial Conference Statement: Statement of Facts and Motions in Limine, May 10, 2011 at 3-5 (Dkt. 59) [hereinafter Defendant's May Pretrial Conference Statement].  The government opposed this motion, arguing that the parol evidence rule does not apply to criminal cases where the government is not a party to the contract, does not apply to civil cases to third parties, and does not apply to allegations of fraud.  *See* United States' Opposition to Defense Motions in Limine, May 17, 2011 (Dkt. 67) at 1-2 [hereinafter Gov't Opp Motions in Limine]. In his ruling on this issue, Judge Fogel noted that "the government is right on this" and found that the parol evidence rule does not apply on the grounds that the government is not a party to the contracts, that this case alleges fraud and not breach of contract, and that extrinsic evidence is relevant to defendant's state of mind. *See* Pre-Trial Conference Transcript at 16-17.

B. Motion to Exclude Evidence of Acts or Statements Occurring After the Charged Wires

Defendant previously argued that the Court should exclude evidence of acts or statements that occurred after each lender wired his or her money to defendant.  *See* Defendant's May Pretrial Conference Statement at 6-8.  The government opposed this motion, arguing that post-wire evidence is relevant and probative and is not unfairly prejudicial.  *See* Gov't Opp Motions in Limine at 3-5.  Judge Fogel ruled that such evidence is admissible, because it is relevant to defendant's state of mind.  *See* Pre-Trial Conference Transcript at 13-14.  The government emphasized during argument that defendant's fraud did not end with the wiring of the money by the victims; instead, it continued after the wiring of funds because defendant promised (consistent with his description of the investment as a "loan") that investors could get their money back if they requested it.  Post-wire conduct, therefore, is not only relevant but actually constituted part of the fraud.  *Id.* at 13-14.  Judge Fogel noted that "[the parties] have different theories, but I think in this particular [instance] it doesn't matter because all of that post hoc

1  evidence is relevant, so it all comes in then you can argue what it proves or doesn't prove." *Id.*

2  at 14.

3        At the May Pre-Trial Conference, defendant also argued the follow-on investment

4  schemes pitched by defendant to the victims in this case should be evaluated under a Fed. R.

5  Evid. 404(b) standard and should not be admitted.  *See* Pre-Trial Conference Transcript at 19.

6  Judge Fogel rejected this argument, finding that the fact that defendant made follow-on pitches

7  "shows or arguably shows that Mr. Prince is continuing to, from the government's perspective,

8  take advantage of these people even after they've lost their money and that shows something

9  about how he approaches [them] and what his state of mind was" and did not constitute "other

10  acts" within the meaning of Rule 404(b). *Id.* at 23.  Judge Fogel also rejected defendant's

11  argument that the government would need to show that these follow-on pitches were themselves

12  fraudulent, but he indicated that he would give a cautionary instruction, if it were appropriate in

13  light of the proof presented at trial. *Id.* at 22

14      C.  Motion to Exclude Evidence of Defendant's Prior Bad Acts

15          1.  Texas State Securities Board Investigation and Cease and Desist Order

16        Before the May Pre-Trial Conference, the United States moved to admit evidence related

17  to an investigation of defendant by the Texas State Securities Board (TSSB) that occurred during

18  the time frame of the charges in this case.  In the government's view, the TSSB investigation and

19  subsequent Cease and Desist Order are relevant to defendant's state of mind–and particularly his

20  contention that he acted in good faith with respect to the conduct charged in the indictment.  *See*

21  United States' Motion in Limine to Admit Texas Securities Board Evidence (Dkt. 56).

22  Defendant opposed admission of the evidence.  *See* Opposition to United States' Motion to

23  Admit Texas Securities Board Evidence (Dkt. 72).  Judge Fogel ruled that the evidence of the

24  Texas State Security Board investigation was "highly relevant, highly probative if it's true." *See*

25  Pre-Trial Conference Transcript at 25.  With respect to defendant's argument that the TSSB

26  Cease and Desist Order was not relevant because of its timing, Judge Fogel stated "I think that

27  goes to the weight.  I think it comes in.  I think there should be a [cautionary] instruction to

28

explain there was not a full adversarial proceeding in Texas.  And I think it's for the trier of fact to decide what the significan[ce] of that order is." *Id.* at 28.  The Court instructed the parties to confer over what redactions to the Order might be appropriate and to craft a "statement I can read to the jury of what this order is or is not so they don't think, as Mr. Barton said, there was a trial or something." *Id.* at 29.[2]

Since the filing of the United States's original motion, the government has learned more information about statements made by Mr. Prince to the TSSB and more about whether defendant's follow-on pitches are, in the view of the TSSB, violations of the Cease and Desist Order.  For this reason, the United States is filing a separate motion with respect to the additional Texas State Securities Board evidence for consideration by this Court.  *See* United States' Motion in Limine Regarding Additional Texas State Securities Board Evidence.

2. State Bar Disciplinary Proceedings

Defendant previously moved to exclude any reference to California State Bar disciplinary action against him.  *See* Defendant's May Pretrial Conference Statement at 10-12.  The government responded that it does not currently intend to introduce any evidence of the California State Bar's disciplinary action against defendant during its case-in-chief but reserves the right to use such evidence in cross-examination under Fed. R. Evid. 608(b).  *See* Gov't Opp Motions in Limine at 7-8.  Judge Fogel indicated that he did not believe such evidence would be admissible in the government's case-in-chief and also stated that the government could not offer it for impeachment purposes "unless Mr. Prince opens the door, Mr. Prince puts his reputation for truthfulness or veracity or moral character" in his defense.  *See* Pre-Trial Conference Transcript at 29.  To the extent that the United States seeks to introduce such evidence in its case-in-chief based on new evidence or seeks a reconsideration of Judge Fogel's ruling, it will file a motion setting forth the evidence in question and the basis for this request.

The United States is filing a new motion in limine about evidence that was not

---

[2] The parties have not yet conferred on these topics.

UNITED STATES' SECOND
PRE-TRIAL CONFERENCE STATEMENT
CR 10-00153 CRB                          5

considered by Judge Fogel with respect to attorney misconduct by defendant resulting in a referral to the Santa Clara County District Attorney's Office by a Superior Court judge, criminal charges brought against defendant, and ultimate dismissal of the criminal case by the District Attorney but denial of defendant's motion for factual innocence. *See* United States' Motion in Limine to Admit Evidence of Attorney Misconduct Under Federal Rules of Evidence 404(b) and 608(b).

D.  Motion to Exclude Witnesses From Court Unless That Witness is Testifying

Defendant previously moved to exclude witnesses from court unless they were testifying. *See* Defendant's May Pretrial Conference Statement at 12.  At the Pre-Trial Conference, the government agreed to this request, except for the presence of the case agent during trial.  Judge Fogel ruled that "that's pretty standard that the case agent gets to be here, so we can do that." *Id.* at 41.

E.  Motion to Exclude References to Mr. Prince's Storage of Firearms

Unlike the other issues described above, defendant did not previously move to exclude reference to the firearm possessed by defendant that was stored in his landlord's house without the landlord's knowledge and was ultimately used by a teenager to commit suicide.  Judge Fogel, therefore, did not rule on this question.  In any event, the government does not seek to use such evidence in its case-in-chief.  To the extent that the defense raises this issue in its own case, the government reserves the right to refer to it in cross-examination.

F.  Motion to Allow Evidence that Investors in MJE Invest! or the Leopard Fund Received Their Monthly Interest Payments And Had Their Principal Returned

Defendant previously argued that the Court should allow evidence that some investors received their monthly interest payments and/or principal. *See* Defendant's May Pretrial Conference Statement at 12-13. The government opposed this motion, arguing that the defendant had not met its burden of demonstrating the relevance of this evidence. *See* Gov't Opp Motions in Limine at 8.  At argument on the motion, Judge Fogel noted that defendant's argument that he should be allowed to present evidence that some investors were paid back is inconsistent with defendant's separate motion that any post-wire evidence be excluded. *See* Pre-Trial Conference

Transcript at 12. Defense counsel agreed, conceding that "I think the court is right. I can't exclude for one and admit for the other." *See* Pre-Trial Conference Transcript at 13-14. Judge Fogel ruled that this evidence is relevant to defendant's state of mind and is therefore admissible.

The United States does not seek reconsideration of Judge Fogel's ruling by this Court. However, the government may continue to object to the relevance of this evidence if defendant cannot proffer the connection between the witness and defendant. For example, if the investor had no direct contact with defendant or his agent, then whether that witness was repaid or not is not relevant to defendant's state of mind.

G. <u>Motion to Prohibit References to "Ponzi Scheme" or Other Ponzi Schemes</u>

Before the May Pre-Trial Conference, defendant filed a motion seeking to prohibit the prosecution from using the phrase "Ponzi Scheme" during trial or referring to high-profile Ponzi Schemes. *See* Defendant's Motion in Limine to Prohibit the Prosecution from Using the Term "Ponzi Scheme" or Referring to Any High-Profile "Ponzi Schemes" During Trial (Dkt. 66). At the Pre-Trial Conference, Judge Fogel addressed this issue largely in the context of the government's motion to qualify Carson McLean as an expert. Judge Fogel ruled that the reference to "Ponzi Scheme" was more prejudicial than probative and thus should not be used but also ruled that "the expert who I think should be allowed to testify can say there are schemes in which the perpetrator gets money from new investors to pay what he owes to old investors and he doesn't have the money to pay the old investors off and that is a typical type of fraud." *Id.* at 30-32. Judge Fogel further stated that "the expert can say this is a kind of, there are many varieties of fraudulent schemes involving investors, [following] this pattern. You give them the hypothetical facts, is this a fairly common way that fraudsters defraud people? And I think that kind of tetimony is fine because it helps the trier of fact." *Id.* at 32.

The United States does not seek reconsideration of Judge Fogel's ruling on this question.

H. <u>Motion to Preclude References to the Victims as "Victims" of Defendant's Conduct</u>

The defense also moved to preclude the government from referring to the individuals the government believes defendant defrauded as "victims." *See* Defendant's May Pretrial

Conference Statement at 12.  Judge Fogel indicated that, in his view, the government should only refer to the investors as "victims" during argument.  In other parts of the trial, the parties should refer to them as "investors."  *See* Pre-Trial Conference Transcript at 14.  In response to the government's observation that referring to the investors as "lenders" was equally argumentative, Judge Fogel stated that "both sides can find ways to describe what the people did in neutral terms."  *Id.* at 15.

I.  Request for Discovery Under *Brady, Giglio*, and Rule 16

The United States has made every effort to comply with its legal obligations to provide discovery and continues to disclose information as it becomes available.  The government recognizes the continuing nature of these obligations.

The United States similarly requests any discovery to which it is legally entitled from the defense.  Although it has received some discovery from the defense, there remain documents to which the defense has referred (for example, on previous exhibit lists) but which the government has not yet seen.  The government requests reciprocal discovery as soon as possible.

In addition, on August 16, 2011, Magistrate Judge Paul Grewal issued an order denying Lance Lee's motion to quash defendant's Rule 17(c) subpoena.  *See* Order Denying Motion to Quash (Dkt. 149).  It is the government's understanding that Mr. Lee has not yet complied with the subpoena.  The government requests and expects that, to the extent Mr. Lee does produce documents in response to this subpoena, that defendant will provide a copy to the government pursuant to Federal Rule of Criminal Procedure 16(b).  To the extent that this does not occur, the government will bring the matter to the attention of this Court.

J.  Motion to Compel Grant of Use Immunity to Lance Lee

On May 10, 2011, defendant filed a motion seeking the court to compel a grant of immunity to Mr. Lance Lee, arguing that Mr. Lee's testimony is "relevant," under the meaning of the compelled immunity cases.  *See* Notion of Motion and Motion to Compel Grant of Use Immunity at 5-6 (Dkt. 61).  In particular, defendant argued that he has a due process right to a compelled grant of immunity, because Mr. Ellsworth has been granted immunity, and because

UNITED STATES' SECOND
PRE-TRIAL CONFERENCE STATEMENT
CR 10-00153 CRB                         8

(according to defendant) Lee's testimony would directly contradict that of Ellsworth.  *Id.*  The government opposed the motion, contending that defendant had not demonstrated the relevance of anticipated testimony by Mr. Lee, which it could not support solely on uncorroborated assertions made in a proffer by defense counsel.  *See* United States' Opposition to Defendant's Motion to Compel Grant of Use Immunity at 3-4 (Dkt. at 65).  Further, even if the assertions proffered by defense counsel were assumed to be true, which the United States did not concede, the purported testimony of Mr. Lee would not directly contract the testimony of Mr. Ellsworth, which is the standard for whether a court should compel a grant of immunity absent intentional distortion of the fact-finding process by the government.  *See United States v. Straub,* 538 F.3d 1147, 1162 (9th Cir. 2008).

Judge Fogel did not make a final determination on this issue but acknowledged that "it's a very high bar to force the government to grant somebody immunity.  It has to be an extraordinary case where it would fundamentally undermine the fairness of the trial."  *See* Pre-Trial Conference Transcript at 33-34.  Further, Judge Fogel noted that an attorney proffer is not a sufficient factual basis upon which make the decision to force the government to grant immunity.  *Id.* at 36.  Ultimately, Judge Fogel reserved ruling on the question, stating "I would like to see what Mr. Ellsworth says.  And then if the defense still thinks at that point that Mr. Lee's testimony is going to be inconsistent with Mr. Ellsworth in a material respect, we can have a hearing outside the presence of the jury and get a proffer from the government or the defense as to what Mr. Lee will say."  *Id.* at 33-34.

Judge Fogel's resolution of this issue is legally sound.  If the defense renews its request for the court to grant immunity to Mr. Lee, this Court should follow the approach outlined by Judge Fogel in May.

Lance Lee is currently listed on defendant's exhibit list.  If Mr. Lee does not receive immunity by court order, it would be improper for defendant to call him to testify knowing that he will invoke his Fifth Amendment right to remain silent.  *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997).

UNITED STATES' SECOND
PRE-TRIAL CONFERENCE STATEMENT
CR 10-00153 CRB                    9

### GOVERNMENT'S MOTIONS IN LIMINE

The government also filed several motions in limine in anticipation of the May Pre-Trial Conference.  The government does not seek reconsideration of any of Judge Fogel's resolutions of the motions.  For the court's convenience, we outline the motions and the resolution of them by Judge Fogel.  However, Judge Fogel does not appear to have decided the government's motion to exclude defendant's introduction of his own statements, and we ask for this Court to rule on that motion.

    A.   Motion in Limine to Admit Texas State Securities Board Evidence

This motion, the opposition, and its resolution by Judge Fogel are discussed above.  *See* Defendant's Motions in Limine at C(1).  In addition, the United States is filing a supplemental motion on this topic.

    B.   Motion in Limine to Admit Statements of Matthew Ellsworth and Sue Ross

The United States moved to admit statements of Matthew Ellsworth and Sue Ross at trial. *See* United States' Motion in Limine to Admit Statements of Matthew Ellsworth and Sue Ross (Dkt. 55).  In particular, the government argued that statements of Matthew Ellsworth and Sue Ross, individuals who worked for defendant as administrators of investment funds named in the indictment, were admissible on one of two grounds: (1) either they will not be offered for their truth and thus are not barred by the hearsay rule or (2) they will be offered for their truth but are admissible as statements by an agent of a party-opponent under Fed. R. Evid. 801(d)(2)(D).  *Id.* at 2-3.  Judge Fogel agreed with the government that such statements are admissible on these bases.  *See* Pre-Trial Conference Transcript at 10.

    C.   Motion in Limine to Exclude Defendant's Hearsay Statements

The United States also moved to exclude defendant from admitting his own statements on the grounds that such statements would constitute inadmissible hearsay.  *See* United States' Motion in Limine to Exclude Defendant's Hearsay Statements at 2 (Dkt. 60).  Judge Fogel does not appear to have resolved this question in the May Pre-Trial conference, and we request that this Court rule on the motion.

UNITED STATES' SECOND
PRE-TRIAL CONFERENCE STATEMENT
CR 10-00153 CRB                                    10

D.  <u>Notice of Intent to Offer the Expert Testimony of W. Carson McLean</u>

On May 16, 2011, the United States filed a Notice of Intent to Offer the Expert Testimony of W. Carson McLean and Opposition to Defendant's Motion in Limine to Prohibit the Use of the Term "Ponzi Scheme."  (Dkt. 75)  Judge Fogel's ruling on this motion, including his decision to allow Mr. McLean to testify as an expert, has been discussed above.  *See* Defendant's Motions in Limine at G.  The government intends to file a supplemental filing before the Pre-Trial Conference to address the anticipated scope of Mr. McLean's testimony.[3]

## JURY INSTRUCTIONS

Both parties have submitted proposed jury instructions.  *See* Proposed Jury Instructions (Amended) by USA, filed May 10, 2011 (Dkt. 58) and Proposed Jury Instructions and Objections to Prosecution's Proposed Jury Instructions by David Boyer Prince, filed June 7, 2011 (Dkt. 98).  Some of the proposed jury instructions filed by defendant mirror arguments made by defendant before Judge Fogel in the motions in limine and decided by Judge Fogel against defendant.  Since this Court's consideration of Judge Fogel's rulings as well as the new motions in limine may affect the jury instructions, the United States intends to file a revised set of jury instructions and objections to defendant's proposed jury instructions shortly after the next Pre-Trial Conference.

DATED: September 1, 2011            Respectfully submitted,

MELINDA L. HAAG
United States Attorney


_____/s/_____
JOSEPH FAZIOLI
ALLISON MARSTON DANNER
Assistant United States Attorneys

---

[3]  The United States no longer intends to call Jerri Johnson.  *Cf.* Notice of Intent to Offer Expert Testimony of Jerri Johnson (Dkt. 74).

UNITED STATES' SECOND
PRE-TRIAL CONFERENCE STATEMENT
CR 10-00153 CRB                    11