Daniel L. Barton (SBN 135806)
NOLAN, ARMSTRONG & BARTON, LLP
600 University Avenue
Palo Alto, California 94301
650/326-2980 – Telephone
650/326-9704 – Facsimile

Counsel for Defendant
DAVID PRINCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID BOYER PRINCE,<br><br>    Defendant. | No. CR 10-00153 CRB<br><br>**DEFENSE'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29**<br><br>**Date:** September 22, 2011<br>**Courtroom:** 6<br>**Judge:** Honorable Charles Breyer |

**INTRODUCTION**

The defense requests that the Court enter judgments of acquittal for Counts Three and Five pursuant to Federal Rule of Criminal Procedure 29. This motion is premised on the fact that the prosecution has presented insufficient evidence to sustain a conviction of wire fraud for each of these charges.[1] Each of these counts relate to Bobby Jo Williams.

Specifically, the prosecution has failed to provide any evidence that the defendant was responsible for any statement made to Mr. Williams that ultimately resulted in his loans to MJE

---

[1] The defense recognizes that since the filing of the Indictment (Dkt. 1), the prosecution has dismissed five of the twelve charges. For ease of identification, Counts Three and Five as stated in this motion are in reference to the charges as listed in the Indictment.

- 1 -

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB

Invest! (Count Three), or the Leopard Fund (Count Five). Additionally, the prosecution has failed to provide sufficient evidence of the offense as charged in Count Five because the prosecution has provided no evidence that Count Five occurred on the date specified in the Indictment.

Accordingly, the prosecution has failed to provide sufficient evidence for these alleged violations of 18 United States Code section 1343, and the defense respectfully requests that the Court enters judgments of acquittal for these charges.

**STATEMENT OF FACTS**

Mr. Williams is listed as a named victim in the Indictment for both Counts Three and Five. Count Three refers to Mr. Williams' $25,040 wire transfer to MJE Invest! on October 4, 2005. Exhibit 33. This wire transfer was made pursuant to an MJE Invest! Agreement for a Business Loan signed by Mr. Williams on October 3, 2005. Exhibit 37. Mr. Williams testified that the MJE Invest! Agreement was printed out from the MJE Sales website. Prior to signing the agreement and sending the wire transfer, Mr. Williams testified that he had only gained information regarding MJE Invest! from Matthew Ellsworth and from the MJE Sales website.

Count Five refers to Mr. Williams' $10,020 wire transfer sent to the Leopard Fund in December 2005. The Indictment states that this event occurred on December 30, 2005. Dkt. 1. The wire transfer was actually sent by Mr. Williams on December 23, 2005 and was sent pursuant to a Leopard Fund loan agreement signed by Mr. Williams that same day. Exhibits 35, 38. Mr. Williams testified that he did not speak to David Prince prior to this wire transfer. Mr. Williams testified that his primary source of information prior to December 2005 was Matthew Ellsworth. On re-direct examination, Mr. Williams indicated that he had looked at the Leopard Fund website prior to his December 2005 wire transfer.

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB

Paul Hortiatis testified regarding the re-design of the LeopardFund.com website in September 2005. Mr. Hortiatis testified that Mr. Prince and Mr. Ellsworth provided the text to include on the LeopardFund.com website via phone calls and e-mails. Mr. Hortiatis also testified that a majority of the LeopardFund.com website was copied and pasted from the MJESales website. Finally, Mr. Hortiatis also testified that he did not work on the website after September 15, 2005.

Joanie Springer later testified that she helped modify the LeopardFund.net website in February 2006.

## ARGUMENT

**I.     The prosecution has provided insufficient evidence that Mr. Prince made any false statements to Bobby Jo Williams, and accordingly has failed to provide proof of essential elements of Counts Three and Five.**

Under subdivision (a) of Federal Rule of Criminal Procedure 29, the defense may file a motion for a judgment of acquittal before submission of the case to the jury. Specifically, subdivision (a) states:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

F.R.C.P. 29. In determining a motion for acquittal, "the court must search the record and find whether there is sufficient evidence from which it could be found that the essential elements of the charges have been proven." *United States v. Brooks*, 349 F.Supp. 168, 170 (S.D.N.Y. 1972). The court may consider only evidence as it was when the government rests; this is true even if

- 3 -

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB

the court reserves a ruling on the motion until a later date. *United States v. David*, 562 F.2d 681, 684 (D.C. Cir. 1977).

Both Counts Three and Five relate to wire fraud charges in violation of 18 United States Code section 1343. The prosecution must prove that Mr. Prince knowingly devised or participated in a scheme or plan for obtaining money or property by making false promises or statements. *See, e.g.,* 18 U.S.C. 1343; Ninth Circuit Model Criminal Jury Instructions 8.121, 8.124 (2010). The defendant must have acted with the intent to defraud and had knowledge of the falsity of the misrepresentations at the time the alleged act of fraud occurred. Ninth Circuit Model Criminal Jury Instructions 8.121, 8.124 (2010).

In relation to Count Three, the prosecution has provided no evidence that Mr. Prince made any false or fraudulent representations to Mr. Williams prior to his wiring of funds on October 4, 2005. Mr. Williams testified that his only sources of information regarding MJE Invest! prior to this date were Matthew Ellsworth and the MJE Sales website. The prosecution has not provided any evidence that Mr. Prince caused any false statements to be made by Mr. Ellsworth, or that Mr. Prince was responsible for any content or statements made on the MJE Sales website. Accordingly, any misrepresentations allegedly made through these sources have not been linked to Mr. Prince. Additionally, the prosecution has presented no evidence that Mr. Prince provided any of the information included in the MJE Invest! Agreement at the time that Mr. Williams signed it; accordingly, the prosecution has provided no evidence that any alleged misrepresentations included on this document can be linked to Mr. Prince. Exhibit 37. Thus, the prosecution has failed to provide any evidence of an essential element of Count Three, and the court should accordingly grant this motion for a judgment of acquittal on this charge.

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB

The only additional information provided to Mr. Williams prior to his second wiring of funds in December 2005 is information provided on the Leopard Fund website. Mr. Hortiatis testified that as of his design of the LeopardFund.com website in September 2005, both Mr. Ellsworth and Mr. Prince provided textual information to include on the site. Mr. Williams' testimony, however, lacked any specifics on when he accessed this website, and thus when he read any alleged misrepresentations on this website. The prosecution has provided no evidence regarding whether the website was changed after Mr. Hortiatis' design of the site in September 2005, and has provided no evidence regarding which individuals had access to the site to make any changes. Furthermore, a majority of the LeopardFund.com website was taken from the MJE Sales website; the prosecution ash provided no evidence of who provided the textual content for that website. Accordingly, the prosecution has not linked Mr. Prince to any statements made on the Leopard Fund website at the indeterminate time when Mr. Williams logged on to this site, and so a judgment of acquittal is dictated on Count Five, just as is true of Count Three.

Thus, the defense respectfully requests that this Court grant judgments of acquittal for both Counts Three and Five.

**II.     The prosecution has failed to provide sufficient evidence of the charged offense in count five because the prosecution has provided no evidence that the acts of alleged wire fraud occurred on the dates as listed in the Indictment.**

The Indictment specifies that Count Five occurred on December 30, 2005. Dkt. 1. However, the testimony elicited from Bobby Jo Williams reveals that his wire transfer was sent on December 23, 2005; additionally, his Leopard Fund agreement was signed that same day. Exhibits 35, 38. Accordingly, the predicate acts for any charge of wire fraud did not occur on December 30, 2005 as stated in the Indictment, but had been completed a week prior to this date.

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB

1  Thus, the prosecution has not proved this offense as charged in the Indictment, and the Court
2  should accordingly grant a judgment of acquittal in relation to this charge.
3      Additionally, a motion for judgment on acquittal in relation to this charge is timely.  The
4  defect in the Indictment as related to Count Five is not facially apparent, and therefore is
5  properly raised at the end of the prosecution's case-in-chief.  *United States v. Novak*, 443 F.3d
6  150 (2d Cir. 2006.)

Date: September 22, 2011                    Respectfully Submitted,

                                      NOLAN, ARMSTRONG & BARTON LLP

                                              /s/

                                      _____
                                      Daniel L. Barton
                                      Attorney for Defendant, David Prince

**Defense's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29**
*U.S. v. Prince*, CR 10-00153 CRB