1   MELINDA L. HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JOSEPH FAZIOLI (CABN 275564)
    ALLISON MARSTON DANNER (CABN 195046)
5   Assistant United States Attorneys

6       150 Almaden Boulevard, Suite 900
        San Jose, California 95113
7       Telephone: (408) 535-0910
        Facsimile: (408) 535-5066
8       allison.danner@usdoj.gov

9   Attorneys for the United States

10                          UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            )    No. CR 10-00153 CRB
                                         )
14          Plaintiff,                   )
                                         )    **UNITED STATES' MOTION TO**
15      v.                               )    **IMPEACH DEFENDANT WITH**
                                         )    **EVIDENCE OF ACTS OF**
16                                       )    **DISHONESTY UNDER FEDERAL**
    DAVID BOYER PRINCE,                  )    **RULE OF EVIDENCE 608(B)**
17                                       )
                                         )    Trial:      September 26, 2011
18          Defendant.                   )    Time:       8:30 a.m.
                                         )    Courtroom:  Hon. Charles R. Breyer
19  _____ )

20                                 **INTRODUCTION**

21          The United States hereby moves to inquire of the defendant, should he elect to testify,

22  about acts that are probative of defendant's character for truthfulness or untruthfulness under

23  Federal Rule of Evidence 608(b).

24                                     **FACTS**

25          The United States seeks to inquire of the defendant, should he elect to testify, about the

26

27

28  UNITED STATES'
    MIL UNDER FED. R.
    EVID. 608(b)
    CR 10-00153 CRB

following:[1]

1.  Placer County Order

On February 1, 2005, Placer County Superior Court Judge Joseph O'Flaherty entered an order against defendant granting a motion for sanctions in the amount of $7,000 and finding that defendant made a representation to the court that was "intentionally misleading" and that "Mr. Prince advocated the existence of facts to [the] court without a reasonable basis for doing so." Defendant subsequently failed to pay this sanctions order.

2.  Judge Whyte's Sanctions Order and Subsequent State Bar Financial Declaration

On July 30, 2006, U.S. District Court Judge Ronald M. Whyte granted a sanctions motion against defendant in the amount of $4,875.[2]

Defendant subsequently failed to pay this sanctions order. In part as a result of defendant's failure to pay both sanctions orders, defendant was placed on two years' probation by the California State Bar on or about April 23, 2007.

On or about August 9, 2006, defendant submitted a financial declaration in support of a motion for an extension of time to pay these disciplinary costs to the California Bar. This financial declaration, submitted under penalty of perjury, failed to disclose that defendant had received income from the Leopard Fund in the past 90 days. The financial records already admitted in this case clearly demonstrate that David Prince paid himself from Leopard Fund investors' money between May 2006 and August 2006. On the declaration, defendant also failed to list any of the Ameritrade accounts associated with the Leopard Fund, despite having

---

[1] These documents were provided to the defendant last week, shortly after the government received from the State Bar.

[2] Judge Whyte's order indicates that he granted the sanctions order because defendant "in large part directed and managed for an improper purpose the strategic decisions on where to file plaintiffs' actions and what pleadings to file." The United States does not intend to inquire about the substance of this sanctions order but merely the fact that he submitted a false declaration as a result of having failed to pay the sanctions order.

UNITED STATES'
MIL UNDER FED. R.
EVID. 608(b)
CR 10-00153 CRB                    2

described the David B. Prince Ameritrade account as a personal asset on December 17, 2005 in

his lease application for the Mercedes from Smythe European.[3]  *See* Trial Exhibit 211.

### 3. Trust Containing Forged Clause

As previously described in the United States' Motion to Admit Evidence of Attorney

Misconduct (Dkt. 159), defendant filed in a probate case a will that he later admitted contained a

clause that he had inserted without the decedent's consent.  In a declaration entered into under

penalty of perjury on March 26, 1999 in Case No. 1-99-PR-1444838, *Shirley Thomas as*

*Administrator of the Estate of William Joseph Soria*, defendant admitted that "I was the attorney

who drafted the Revocable Living Trust for the Estate of William Soria," *id.* at ¶ 1, and that

"[t]he Designation of the Charity on the Trust was inadvertently misstated as Children's

Advocate which did not accurately reflect the Grantor's charitable intent."  *Id.* at ¶ 2.

### 4. Davis Complaint Referencing Risky Investments

On December 9, 2002, in *Davis v. Fritz,* Case No. CV 427713 in San Mateo County,

defendant filed a complaint on behalf of Irene Davis et al, in which defendant contended that

defendants committed a breach of fiduciary duty by failing to inform his clients that their

investments "were going to be put at high risk by being invested in the stock market or other

risky securities.  Defendants rather misinformed Irene [Davis] by omission and otherwise assured

her that the investments were a safe, secure investment."  Complaint at ¶ 30.

### ARGUMENT

This evidence should be admissible under Fed. R. Evid. 608(b)(1) as "probative of

truthfulness or untruthfulness . . . concerning the witness' character for truthfulness or

untruthfulness . . ."[4]

---

[3]  The Mercedes is listed as his car on the declaration.

[4]  Federal Rule of Evidence 608(b) provides

Specific instances of the conduct of a witness, for the purpose of attacking or supporting
the witness' character for truthfulness, other than conviction of crime as provided in rule

UNITED STATES'
MIL UNDER FED. R.
EVID. 608(b)
CR 10-00153 CRB                      3

Defendant has indicated that his defense is that "all representations made to potential lenders were either true or made in good faith." *See* Defendant's Pretrial Conference Statement at 3 (Dkt. 151). A defendant who takes the witness stand necessarily puts his credibility at issue. *United States v. Reid,* 634 F.2d 469, 473 (9th Cir. 1980). If defendant testifies by asserting that he made the false statements to Leopard Fund investors under a good faith misapprehension that they were true, defendant's credibility and trustworthiness will constitute the heart of the case. Under these circumstances, the evidence that defendant (1) intentionally misled the Placer County Court, (2) filed a false declaration with the California State Bar that omitted information related to the Leopard Fund, (3) filed a will in a probate case that contained a clause that defendant improperly inserted, and (4) has made allegations that demonstrate that defendant is aware of the risky nature of stock options trading, are highly probative of his character of truthfulness.

The events in question are not too remote in time. In *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989), the Ninth Circuit upheld the admission on cross-examination of the defendant, a disbarred attorney who testified on his own behalf, a signed statement that fourteen years before he had been disciplined for misappropriating client funds. The Ninth Circuit rejected the argument that the misconduct was too remote in time and noted "[t]he evidence of Jackson's misappropriation was particularly probative of his truthfulness." *Id.*

This Court can address any concerns about jury confusion about this evidence through

---

609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Because Prince was not convicted of a crime with respect the facts at issue here, the evidence is properly admitted under Rule 608 rather than Rule 609. *See United States v. Osazuwa,* 564 F.3d 1169, 1175 (9th Cir. 2009).

UNITED STATES'
MIL UNDER FED. R.
EVID. 608(b)
CR 10-00153 CRB                    4

use of an appropriate liming instruction.  *See United States v. Gay,* 967 F.2d 322, 328 (9th Cir. 1992) (approving the use of a limiting instruction that stated the evidence was admitted "only for the purposes of cross-examining [defendant] regarding his personal credibility and state of mind and is to be considered by the jury only for that purpose").  Such an instruction would likely be warranted here.

<b>CONCLUSION</b>

For the reasons stated above, the United States respectfully requests that the Court grant the United States' motion to allow inquiry into these facts on cross-examination under Federal Rule of Evidence 608(b).

DATED: September 25, 2011

Respectfully submitted,

MELINDA L. HAAG
United States Attorney

_____
            \s\
JOSEPH FAZIOLI
ALLISON MARSTON DANNER
Assistant United States Attorneys

UNITED STATES'
MIL UNDER FED. R.
EVID. 608(b)
CR 10-00153 CRB                    5