1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No. C 10-00153 CRB

12              Plaintiff,

13        v.                                 **JURY INSTRUCTIONS**

14    DAVID BOYER PRINCE,

15              Defendant.

16    _____/

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
For the Northern District of California

2

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—**

**PRESUMPTION OF INNOCENCE—**

**BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**United States District Court**
For the Northern District of California

1

**DEFENDANT'S DECISION TO TESTIFY**

2          The defendant has testified.  You should treat this testimony just as you would the

3   testimony of any other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**United States District Court**
For the Northern District of California

5

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits which have been received into evidence; and

      3.    any facts to which the parties have agreed.

**United States District Court**
For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**United States District Court**
For the Northern District of California

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**EVIDENCE OF OTHER ACTS OF DEFENDANT**

You are here only to determine whether the defendant is guilty or not guilty of the charges. The defendant is not on trial for any conduct or offense not charged.

United States District Court
For the Northern District of California

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

United States District Court

For the Northern District of California

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, absence of mistake, or absence of accident and for no other purpose.

### OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**TESTIMONY OF WITNESSES INVOLVING SPECIAL**

**CIRCUMSTANCES – IMMUNITY**

You have head testimony from Matthew Ellsworth, a witness who received immunity.  That testimony was given in exchange for a promise by the government that the witness will not be prosecuted for that testimony and the testimony will not be used in any case against the witness.

Mr. Ellsworth may also be an accomplice to the alleged crime.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For these reasons, in evaluating the testimony of Matthew Ellsworth, you should consider the extent to which or whether his testimony may have been influenced by these factors.

**United States District Court**
For the Northern District of California

16

# CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
For the Northern District of California

**WIRE FRAUD — ELEMENTS**

The defendant is charged in Counts One through Seven with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised a scheme or plan for obtaining money by making false promises or statements, or caused someone else acting on his behalf to make false statements or promises, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false or fraudulent;

Third, the promises or statements made or facts omitted were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused someone to use, the interstate wires to carry out or to attempt to carry out an essential part of the scheme or plan.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

An interstate wire includes any signal, sign, picture, or sound for executing the scheme that travels from one state to another. An interstate wiring is caused when one knows that the interstate wires will be used in the ordinary course of business or when one can reasonably foresee such use.

It does not matter whether the interstate wire was itself false or deceptive so long as the interstate wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money was obtained, nor does it matter that the use of wires was an essential part of the scheme.

18

**United States District Court**
For the Northern District of California

### INTENT TO DEFRAUD - DEFINED

An intent to defraud is an intent to deceive or cheat.  An intent to defraud may be demonstrated by the scheme itself.

**GOOD FAITH DEFENSE**

Good faith is a complete defense to the charges of wire fraud.  A defendant is not required to prove good faith.  The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot provide fraudulent intent – even if the opinion or belief is mistaken.

Nevertheless, if you find that the Defendant acted with reckless disregard for the truth of a material misrepresentation, such a finding is inconsistent with good faith.  Thus, an honest belief that a business venture would ultimately succeed does not constitute good faith if the Defendant intended to deceive investors by making material representations that the Defendant knew to be false or fraudulent, or if the Defendant acted with reckless disregard for the truth of a material misrepresentation.

**KNOWINGLY - DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  One who acts with reckless indifference to whether a representation is true or false is chargeable with knowledge of its falsity.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**RECKLESS INDIFFERENCE – DEFINED**

A person acts with reckless indifference if: (1) he is aware of a substantial and unjustifiable risk of a fact or circumstance in making a statement or representation; and (2) he consciously disregards that risk in failing to discover the truth of a statement or representation.

United States District Court
For the Northern District of California

## EVIDENCE OF EVENTS OCCURRING AFTER ACTS OF ALLEGED FRAUD
## OCCURRED

You have heard testimony from witnesses regarding events that occurred after the investors wired money to MJE Invest, Dawnstar Alliance, and the Leopard Fund.  The acts of alleged fraud, if proved, were completed once the alleged misrepresentations were made and the money was wired by each investor.  Any evidence of acts occurring after an individual investor wired his or her money may not be considered as a separate basis of liability, but may be relevant to the defendant's intent or knowledge at the time of the wire.

United States District Court

For the Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**United States District Court**
For the Northern District of California

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

//

//

**IT IS SO ORDERED.**

Dated: October 3, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE